UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
ELAINE L. CHAO, SECRETARY OF LABOR, ) CASE NO. 3:08-CV-00017-JWS
UNITED STATES DEPARTMENT OF LABOR,  )
                                    )
                Plaintiff,          )
     v.                             )
                                    )
RED ROBIN ALASKA, INC., a           )   CONSENT JUDGMENT
corporation, GOURMET VENTURES, INC.,)
a corporation, and FRED ROSENBERG,  )
an individual,                      )
                                    )
                Defendants.         )
_____)
```

Plaintiff has filed her Complaint and Defendants, Red Robin Alaska, Inc., a corporation, Gourmet Ventures, Inc., a corporation and Fred Rosenberg, an individual, hereby appear and agree, without admitting liability or any admission of guilt to the entry of this Judgment without further contest. Therefore, upon motion and direction of the Plaintiff and Defendants, Red Robin Alaska, Inc., a corporation, Gourmet Ventures, Inc., a corporation and Fred Rosenberg, an individual and for cause shown:

IT IS ORDERED, ADJUDGED AND DECREED that Defendants Red Robin Alaska, Inc., a corporation, Gourmet Ventures, Inc., a corporation and Fred Rosenberg, an individual, their officers, agents, servants, employees and all persons acting or claiming

CHAO V. RED ROBIN ALASKA, INC. et al. CONSENT JUDGMENT
Case No. 3:08-cv-00017-JWS                                          1

Case 3:08-cv-00017-JWS   Document 16   Filed 10/16/08   Page 1 of 6

to act in their behalf and interest be, and they hereby are permanently enjoined and restrained from violating the provisions of §§15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201, *et seq.*), hereinafter referred to as the Act, in any of the following manners:

(1) Defendants, Red Robin Alaska, Inc., a corporation, Gourmet Ventures, Inc., a corporation and Fred Rosenberg, an individual shall not contrary to §7 of the Act, employ any of their employees engaged in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless the employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

IT IS FURTHER ORDERED that the Plaintiff recover from Defendants, Red Robin Alaska, Inc., a corporation, Gourmet Ventures, Inc., a corporation and Fred Rosenberg, an individual the sum of $57,763.88 in overtime due their employees as listed and allocated in the attached Exhibit A. Payment is to be made via checks to each individual employee and Defendants are responsible for calculating and deducting all applicable withholdings. Said payments shall be delivered directly to each

employee as set forth in Exhibit A within 14 days of the signing of this Order.

Defendants shall, within 14 days of the signing of this order, provide Plaintiff with a list of checks sent out pursuant to the above paragraph. The list shall show the payee's name, address and telephone number, the gross amount paid each individual, and the deductions taken from the gross amount for each individual. Within 90 days of the signing of this order Defendants shall provide Plaintiff with copies of the front and back of each check that has been negotiated as of that date, or with proof of electronic payment for any employees paid electronically.

All checks issued pursuant to this Order shall be void if not cashed within 90 days of the date of issuance, and the face of the checks shall reflect this deadline. Any monies due under this Order which have not been negotiated by the appropriate employees within 90 days of issuance (due to Defendants' inability to locate said employee, to the employee's failure to negotiate the check within 90 days of issuance or for any other reason) shall be combined and issued in certified check form, payable to the U. S. Department of Labor. The check shall be in the net amount accompanied by a list of the employees for whom the check represents back wage payment, their Social Security

Numbers and the legal deductions made from the gross amounts due. The check shall be mailed to:

>  U.S. Department of Labor
>  Wage Hour Division
>  1111 Third Ave., Suite 755
>  Seattle, WA  98101

If there is a default in the payment (to the affected employee or to the Wage-Hour Division of the U. S. Department of Labor as set forth above) of the checks of more than 20 days, each affected employee shall be paid an additional penalty of ten percent of the gross amount due that employee.

Plaintiff shall distribute the monies paid by Defendants under this Judgment to the employees identified in Exhibit A or their estates if that is necessary. Any money not so paid within three years because of inability to locate said employees or because of their refusal to accept said proceeds shall be deposited forthwith with the Treasury of the United States pursuant to 28 U. S.C. 2041.

IT IS FURTHER ORDERED that if the Defendants fail to make the payments as set forth above, the Court shall appoint a Receiver. Plaintiff shall provide the Court with the names of potential Receivers. The Court may appoint the Receiver from those offered by the Secretary or may appoint another Receiver at its discretion.

Defendants shall produce to the Court appointed Receiver all books and records and any other information the Receiver requires to carry out the provisions of this Judgment. In addition, the Defendants shall submit to a sworn accounting by an independent certified public accountant and/or the Receiver, and shall testify if the accountant or Receiver so decides.

The Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied. Defendants shall bear the full costs and expenses of the Receiver and any accountant retained pursuant to the terms of the above paragraph.

The Receiver shall have full authority to: collect the Defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the Defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, to collect it and turn over the proceeds to the Secretary; to analyze all transfers of the Defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment and Order.

IT IS FURTHER ORDERED that the rights of any of the Defendants' employees or ex-employees not specifically mentioned in Exhibit A to this Judgment, to back wages under the Act, are neither affected nor extinguished by this Judgment and neither

CHAO V. RED ROBIN ALASKA, INC. et al. CONSENT JUDGMENT
Case No. 3:08-cv-00017-JWS                                      5

Case 3:08-cv-00017-JWS   Document 16   Filed 10/16/08   Page 5 of 6

party to this action intends or contemplates that the Judgment entered in this action will affect such rights if any.

IT IS FURTHER ORDERED that no costs or attorney fees are awarded to either party.

DATED this 16th day of October 2008.

/s/ John W. Sedwick
United States District Judge